

**FILED**

DEC 11 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF THE SIERRA, a California corporation, | 1:14-cv-01044-AWI-SAB |
| Plaintiff, | **ORDER DENYING MOTION TO VACATE DISMISSAL AND ORDERING DISBURSAL OF INTERPLED FUNDS** |
| v. | |
| PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS, a federally recognized Indian tribe, and CHUKCHANSI ECONOMIC DEVELOPMENT AUTHORITY, a wholly owned economic arm of the Tribe, | (Doc. 15) |
| Defendants. | |

Plaintiff, Bank of the Sierra ("Plaintiff"), named the Picayune Rancheria of the Chukchansi Indians ("the Tribe") and the Economic Development Authority that it operates as defendants in an action (1) contesting the jurisdiction of the "Tribal Court of the Picayune Rancheria of Chukchansi Indians" ("Tribal Court") to enter a binding order against Plaintiff; (2) seeking to enjoin all Defendants from prosecuting an action against Plaintiff in the Tribal Court; and interpleading funds the amount of $392,407.01. Doc. 1. On October 27, 2014, this Court dismissed the action based on the representations by counsel for Plaintiff and counsel, Lester

1

Marston, purporting to represent "Defendant Picayune Rancheria of Chukchansi Indians" (which this Court now believes to represent the "McDonald Tribal Council") that the parties had come to an agreement. Doc. 14.

Intervenor-Defendant Unification Council ("Unification Council") filed a motion to vacate this Court's order dismissing the case. In light of the uncertain status of Tribal leadership and the resulting potential loss of Tribal funds, this Court accelerated the briefing schedule to require Defendant McDonald Tribal Council to file an opposition to Defendant Unification Council's motion by November 26, 2014. On November 26, 2014, Plaintiff and the McDonald Tribal Council filed independent responses. Plaintiff's response alleges only that it engaged in no fraud and made no misrepresentation to the Court. The McDonald Tribal Council's response focuses on: (1) the alleged procedural deficiencies of the Unification Council motion to intervene caused by the lack of clarity as to which party actually represents the tribe; and (2) the lack of fraud or surprise that would justify setting aside the dismissal. See Doc. 22.

On December 5, 2014, the Unification Council filed a reply in support of its motion to vacate; a declaration of Richard Verri, attorney for the Unification Council; and a declaration of Nancy Ayala, member of the Picayune Rancheria of the Chukchansi Indians. The reply addresses the allegations of fraud, misrepresentation, and misconduct attributed to the McDonald Council and the alleged surprise to the Unification Council. See Doc. 23. The Verri declaration relates to the alleged membership of the Tribal Council and the recent history of Tribe's elections. See Doc. 24. The Ayala declaration relates to the date that the accounts with Plaintiff were opened. See Doc. 25.

None of the documents filed by any of the parties give this Court cause to disturb the dismissal. Federal Rule of Civil Procedure 41(a)(1)(A) provides two permissible methods for dismissal of an action without a court order. A plaintiff may dismiss without a court order by filing:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. Proc. 41(a)(1)(A)(i-ii). A plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or motion for summary judgment. Commercial Space Management Co. Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1075 (9th Cir. 1999); see Fed. R. Civ. Proc. 41(a)(1)(A). Voluntary dismissals pursuant to this rule are self-executing, i.e. any order issued by a district court to dismiss the case is superfluous. Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d at 1077 (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir.1997). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Id. at 1078.

The Court will assume *arguendo* that the McDonald Council does not represent the tribe and that Mr. Marston was not authorized to sign on behalf of the tribe. No other party filed an answer or motion for summary judgment or even appeared on behalf of the Tribe. Plaintiff's notice of dismissal, which was provided by the stipulation for dismissal (irrespective of Mr. Marston's signature), was immediately effective to dismiss this action without prejudice. See, e.g., Goudlock v. Thompson, 2011 WL 1167545, *6 (S.D. Cal. 2011) citing, *inter alia* (Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir.1976)) (recognizing that a Plaintiff evidencing an intent to dismiss is for a dismissal pursuant to Rule 41(a)(1)(A)(i) regardless of the title given to the document.); Kennedy v. Full Tilt Poker, 2010 WL 3984749, *2 (C.D. Cal. 2010) (construing plaintiff's pleading captioned "notice of non-opposition" as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) because it evidenced an intent to dismiss.). That dismissal does not operate on the merits and does not impact or declare the rights of any of the responding parties. The parties are in exactly the position that they were in prior to Plaintiff filing its interpleader action.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Unification Council's motion to vacate is DENIED;
2. The document docketed as "Request for Dismissal by Bank of the Sierra" (Doc. 13) is understood as a notice of dismissal pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(i). The dismissal of this action is effective as of the date of that filing, October, 22, 2014;

3. This Court's order dismissing the case dated October 27, 2014 (Doc. 14) is hereby stricken;

4. The Clerk of the Court is respectfully directed to return the interpled funds to Plaintiff, Bank of the Sierra.

Dated:   December 11, 2014

SENIOR DISTRICT JUDGE